IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOTONDA MILTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONFIE INSURANCE SERVICES, INC., a/k/a CIGH SERVICES, INC.; and INSUREONE INDEPENDENT INSURANCE AGENCY, LLC;<br><br>    Defendants. | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Yotonda Milton, by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint against Defendants Confie Insurance Services, Inc., a/k/a CIGH Services, Inc. ("Confie"), and InsureOne Independent Insurance Agency LLC ("InsureOne"), states as follows:

### NATURE OF ACTION

1. This is a class and collective action brought on behalf of current and former Agents (the "putative class") who were misclassified as exempt employees by Defendants, and who worked over forty (40) hours in any work week and were not paid at an overtime rate of pay, in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (right of action under the FLSA).

3. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4.	The unlawful employment practices described herein were committed within the State of Illinois, at the Defendants' facilities located in Cook County.  Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5.	Milton is an adult resident of Crete, Illinois.  She worked as an Agent for Defendants from approximately January 2008 through September 12, 2016.  At all times, Defendants classified Milton as "exempt" under the overtime laws, and did not pay Milton at an overtime rate for hours worked in excess of forty (40) per week.

6.	Plaintiff brings this FLSA and IMWL action on behalf of a putative class of similarly-situated individuals, namely, all persons who worked as Agents and were not paid at an overtime rate for hours they worked in excess of forty (40) in at least any one workweek during the relevant statutory period.

7.	Plaintiff and the members of the putative class are "employees" of Defendants within the meaning of the FLSA and IMWL.

8.	Defendant Confie Insurance Services, Inc., a/k/a Confie Insurance Group Holdings ("CIGH") Services, Inc. ("Confie") is a California corporation, headquartered at 6500 International Parkway, #1500, Plano, Texas 75093.  Confie does business in Illinois, operates facilities in Illinois, and is registered with the Illinois Secretary of State.  According to its website, www.confie.com, Confie "generates annual revenues in excess of $500M," has "a nationwide footprint encompassing more than 680 locations," and "holds leading market positions in California, Arizona, Texas, Florida, Washington, Oregon, New York, New Jersey, Nevada, Illinois, Alabama, Kansas, Wisconsin, South Carolina, Missouri, Louisiana, and Indiana."

9. Defendant InsureOne Independent Insurance Agency LLC ("InsureOne") is an Illinois corporation, with its principal place of business listed at 6500 International Parkway, #1500, Plano, Texas 75093. InsureOne does business in and around Illinois, operates facilities in Illinois, and is registered with the Illinois Secretary of State. According to its website, www.insureone.com, "InsureOne is part of the Confie Insurance Group Holding's family, one of the largest privately-owned insurance agencies/brokers in the United States. Established over three decades ago, InsureOne has 77 convenient locations throughout the Midwest."

10. Defendants are each an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendants are subject to the overtime provisions of the FLSA and IMWL, and each Defendant is an "employer" within the meaning of those statutes.

## STATEMENT OF FACTS

12. Plaintiff began working as an Agent for the Defendants in 2008. Throughout her employment, Milton performed her job satisfactorily.

13. Most recently, Milton worked for Defendants at InsureOne located at 1801 E. 71st St., Chicago IL 60649.

14. Milton's handbook and pay stubs are issued by Confie, and the handbook references Plaintiff as an "employee" of the Company, Confie a/k/a CIGH.

15. Agents for Defendants, including Plaintiff, performed a variety of tasks including selling insurance policies, answering phones, and otherwise servicing existing and new customers' needs.

16. In performing her job duties, Plaintiff, along with members of the putative class, were required to follow Defendants' procedures and protocols. Anything that needed approval

needed to go through the regional store leader. This included, but was not limited to, ordering supplies, troubleshooting with customers, seeking time off, and having customer fees waived.

17. Neither Plaintiff nor any member of the putative class had the authority to hire or fire employees.

18. Neither Plaintiff nor any member of the putative class had as her or his primary duty the right to exercise of discretion or use substantial independent judgment with respect to matters of significance to the Defendants.

19. For much of her employment with the Defendants, Plaintiff was paid on a salary basis and also earned commissions based on sales. She did not earn any type of overtime payment if and when she worked in excess of forty (40) hours per week.

20. While Plaintiff was paid on a "salary basis," her pay stubs reflected that she was paid the equivalent of $15.18 per week for 80 hours every two weeks, regardless of the number of hours over 80 she actually worked. However, if she worked fewer than 80 hours, Defendants took time from her PTO bank and/or docked pay if she did not have PTO available.

21. In or around mid-2016, Plaintiff's pay stubs began to reflect that she was paid on an hourly basis of $15.18 per hour, plus commissions. Once this began, Plaintiff was paid at that regular hourly rate for all hours worked, including for hours worked in excess of 40 per week. However, Plaintiff still did not earn any type of overtime payment if and when she worked in excess of forty (40) hours per week. If Plaintiff worked fewer than 40 hours per week, Defendants took time from her PTO bank and/or docked pay if she did not have PTO available.

22. For instance, in the pay periods ending on August 27, 2016 and September 10, 2016, Plaintiff worked more than 40 hours in at least one of the weeks included on the bi-weekly pay stubs. However, Defendants paid Plaintiff at her flat rate of $15.18 for all time worked.

4

23. Also because Defendants did not pay Agents at an overtime rate for hours worked in excess of 40 per week, Defendants failed to properly factor commission payments into the calculation of overtime payments due the Plaintiff and putative class members.

24. Plaintiff frequently worked in excess of forty (40) hours per week, and particularly worked extra hours each year between the dates of February 1 through April 2, during which time she and putative class members regularly worked at least 48 hours per week.

25. The putative class members each worked comparable hours to the Plaintiff, and each worked in excess of 40 hours per week during their employment with the Defendants during the timeframe including the three (3) years preceding the filing of this Complaint.

26. Defendants required Agents to log in to the Defendants' server, and log in to the Defendants' phone system while they were working (including logging out during lunch) in order to uniformly track employee time.

27. Neither Plaintiff nor any putative class member was paid any type of overtime rate (i.e., at least one and one-half the regular rate of pay) for hours worked in excess of forty (40) hours per week, regardless of whether they were paid on a salary or hourly basis.

28. Defendants knew or should have known about their obligations to pay their Agents at an overtime rate for any hours worked in excess of forty (40) per workweek.

## CLASS ALLEGATIONS

29. Plaintiff brings this case as a nationwide class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class:

> All persons who (1) worked as Agents for Defendants (2) during the period of time including the three years preceding the filing of this Complaint, who (3) worked over forty (40) hours per week in any given week and (4) were not paid at least one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week.

30. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiff believes that the putative class numbers several hundred or more individuals over the statutory timeframe.

31. Common issues of law and fact predominate the claims of the entire putative class. Specifically, all claims are predicated on a finding that Defendants misclassified its Agents as exempt employees when they were non-exempt from the overtime provisions of the law, and that these employees worked overtime hours without receiving any type of overtime premium pay. In short, the claims of the named Plaintiff are identical to the claims of the putative class members.

32. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendants' uniform practices and policies. Further, the named Plaintiff and the putative class plaintiffs have suffered the same type of economic damages as a result of Defendants' practices and policies.

33. Plaintiff will fairly and adequately represent and protect the interests of the putative class. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

34. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Collective Action)

35. The Plaintiff re-states and incorporates paragraphs 1-34 as though fully set forth herein.

36. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Plaintiff and all putative class members overtime wages for all hours worked in excess of forty (40) per workweek.

37. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 – 207. The Plaintiff attaches as Exhibit A, her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

38. All past and present employees of Defendants who performed non-exempt work as Agents and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Plaintiff, in that Defendants applied their compensation policies, which violate the FLSA, on company-wide bases for at least all putative class members.

39. Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

40. The Plaintiff's experiences are typical of the experiences of the putative class members, as set forth above.

41. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send

notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

42. The members of the putative class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Yotonda Milton, on behalf of herself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
## (Class Action)

43. The Plaintiff re-states and incorporates paragraphs 1-34 as though fully set forth herein.

44. This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for their failure to pay the Plaintiff and putative class members overtime wages for all hours worked in excess of forty (40) per workweek.

45. Pursuant to the IMWL, for all weeks during which the Plaintiff and the putative class members worked in excess of forty (40) hours, they were entitled to be compensated with overtime wages.

46. Defendants violated the IMWL by failing to compensate the Plaintiff and the putative class members with overtime wages all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiff Yotonda Milton, on behalf of herself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

    a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

    b) Appointing Plaintiff as Class Representatives and their Counsel as Class Counsel;

    c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

    d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

    e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

    f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

    g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

    h) Ordering such other and further relief as this Court deems appropriate and just.

**Plaintiff requests a trial by jury**

| | |
|---|---|
| Dated: November 11, 2016 | Respectfully submitted, |
| Alejandro Caffarelli, #06239078<br>Lorrie T. Peeters, #06290434<br>Caffarelli & Associates Ltd.<br>224 N. Michigan Ave., Ste. 300<br>Chicago, IL 60604<br>Tel. (312) 763-6880 | YOTONDA MILTON, individually and on behalf of all others similarly situated,<br><br>By: /s/ Alejandro Caffarelli<br>    Attorney for the Plaintiff |